The opinion of the Court was delivered by
Tilghman C. J.
This case comes before us on a motion by the plaintiff’s attorney, to strike out the special bail entered by the defendant. The original writ was returnable to July, 1817, and on the 5th April, 1818, the defendant entered special bail, without the consent of the plaintiff’s attorney, who brought suit on the bail bond, to July, 1818. Upon looking into precedents, I find the rule of this Court to be, that where special bail has been delayed until the plaintiff has lost the opportunity of trying his cause, as soon as he might have done, if the bail had been entered in six weeks after the return of the original writ, the bail bond must stand as security for the debt to be recovered. The plaintiff is not obliged to file a declaration de bene esse. It is the1 *51 defendant’s business to enter special bail, before which a declaration cannot regularly be filed, although the plaintiff, if he chooses, may file it before de bene esse. In cases where the defendant makes no defence, the Court will relieve against the bail bond, provided special bail be entered, and judgment confessed, so as to give the plaintiff the benefit of his execution as soon as he might have had it, if bail had been entered at the usual time, and provided the plaintiff has been in no way injured by the delay of judgment. The law will be found as I have stated it, in 1 Crompt. Prac. 75. 77. Bank of Pennsylvania v. Lassell, &c. 2 Yeates, 387. Orton, &c. v. Vincent, Cowp. 71. Priestman v. Keyser, &c. 4 Binn. 344. The defendant has not brought himself within the benefit of the rule, because if bail had been entered regularly, the plaintiff might have had his trial at the Nisi Prius between December and March Terms. The bail bond must stand, therefore, as a security for the debt.